Saturday, April 17, 2010

Mr. Barry K. Lander-Clerk
United States Bankruptcy Court
325 West "F" Street
San Diego, CA. 92101-6991



    RE:  Hupp v. Educational Credit Mgmt. Corp. Case No.: 06-~~90127~~
          <u>**Response To Your Letter Dated April 15, 2010**</u>   00198
                                                                                               BC

Dear Mr. Lander:

Not withstanding the fact that your letter to me was in response to an issue I raised nearly three (3) months ago, I will respond to your comments.

My January 24, 2010 letter to Bowie and Meyers were concerning personal injuries they had caused, specifically invasion of privacy, and as such it is not an "Ex Parte Contact". Therefore there was no violation of Rule 9003.

The following links had been posted on the Court's website. The links were documents from my case that were freely accessible to Internet search engines, including the dominant search engine Google. The links provided **<u>detailed, personal events that documented my entire life</u>** going more than 30 years;

#1) Bowie- http://www.casb.uscourts.gov/pdf/opinions/06_90127.pdf

#2) Meyers- http://www.casb.uscourts.gov/pdf/opinions/06_90127a.pdf

Third parties viewed these links for free after doing a basic Google search, these same third parties then went on to use the information in these links to steal my identity. That is a civil crime that both Bowie and Meyers are liable for, including (but not limited to) invasion of privacy, because it was their actions that allowed the invasion of privacy to take place.

As to your contention that the "E-Government Act of 2002" <u>**" requires" judges to post their rulings or decisions on the Court's free website,**</u> that is nothing more than a bald face lie. There is NOTHING in the "E-Government Act of 2002" that <u>**"requires"**</u> a judge to post decisions, rulings or simple discovery disputes (like mine was) on any specific case. This

comment is even more ridiculous given the fact that Bowie had posted up a simple bread and butter discovery dispute-nothing of which was outside of the ordinary. Bowie's posting of a simple discovery dispute was the only such discovery dispute listed under Bowie's name on the Court's free website-can you explain that Mr. Landers? Of course you can't. It was clearly a knowing, willful and intentional invasion of privacy and form of harassment by Bowie. Meyers posting was just more of the same.

As to your comments regarding Rule 9037, this rule applies to court documents filed in the case with the COURT, and in no way, shape or form allows THE COURT to post ANY personal information, such as a persons name and life history onto the Court's website. Information, which is then freely broadcast to the entire world under a Google search. Your reference to Rule 9037 is therefore misplaced.

Last, let me explain something very clearly to you-I don't care what the "E-Government Act of 2002" says or doesn't say, it is a violation of a **constitutional right** when you invade, or allow to invade, a person's right to privacy. The Congress can pass any and all the laws they want, but just because Congress passes a law, such as the "E-Government Act of 2002", does not mean the law is constitutional. Posting up personal information on the Court's website that invades a persons privacy was therefore a **constitutional violation** perpetrated by Bowie, Meyers and the Court. Therefore your claims that "E-Government Act of 2002" makes this lawful is, once again, misplaced.

Sincerely,

Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
(951) 769-1268

CC:

| Hon. Irma E. Gonzales<br>United States District Court- Chief Judge<br>940 Front Street<br>San Diego, CA. 92101-8900 | Hon. Alex Kozinski<br>Ninth Circuit Court of Appeals- Chief Judge<br>P.O. Box 193939<br>San Francisco, CA. 94119-3939 |